# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

NATHANIEL A. SHOWERS,

        **Plaintiff,**

v.                                Case No. 20-CV-1245

LINDA R. KOSTERMAN,

        **Defendant.**

# ORDER

On October 7, 2020, the court screened Plaintiff Nathaniel A. Showers's *pro se* complaint filed under 42 U.S.C. § 1983, dismissed all but defendant Linda Kosterman, and permitted him to proceed on an Eighth Amendment claim against Kosterman. (ECF No. 8.) After two extensions of time, Showers moved for reconsideration of the screening order (ECF No. 24) and "to make amendments to the complaint" (ECF No. 25).

Motions for reconsideration are necessary only to correct manifest errors of law or fact or to present newly discovered evidence. *Caisse Nationale de Credit v. CBI Industries*, 90 F.3d 1264, 1269 (7th Cir. 1996). They are not a vehicle for losing parties to reargue issues decided against them. *Id.* at 1270. Showers does not assert that the court committed a manifest error of law or fact in the screening order. He instead states his disagreement with the screening order and seeks to add new information

about his claims against the dismissed defendants that Showers could have provided in the complaint. The court will **DENY** Showers's motion for reconsideration.

Showers's motion to amend fares no better. Under Federal Rule of Civil Procedure 15, "[a] party may amend its pleading once as a matter of course within" twenty-one days of service or within twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). Showers filed his motion within twenty-one days of the defendant's answer. (ECF No. 20.) This court's Local Rules require that *any* amendment "must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." Civil. L. R. 15(a). The amended pleading "must be filed as an attachment to the motion to amend." Civil. L. R. 15(b). "[D]istrict courts may require strict compliance with their local rules," even for *pro se* plaintiffs. *See Hinterberger v. City of Indianapolis*, 966 F.3d 523, 528 (7th Cir. 2020); *Smith v. Adams*, 804 F. App'x 390, 391 (7th Cir. 2020).

Showers has not followed the court's local rules. His motion to amend contains only general allegations against several new defendants. He has not submitted an amended pleading and does not mention his Eighth Amendment claim against Kosterman. The court presumes that he does not wish to abandon that claim. Showers is, in effect, attempting to amend his complaint with allegations spread across multiple different documents, including his original complaint. The court does not allow this type of piecemeal pleading. *See* Civil L. R. 15(a); *Markovic v. Milwaukee Secure Det. Facility*, No. 19-CV-675-JPS, 2019 WL 6729198, at *1 (E.D. Wis. Dec. 11, 2019); *Jenkins v. City of Kenosha*, No. 17-CV-1779-JPS, 2018 WL 2727904, at *3 (E.D.

Wis. June 6, 2018). Because Showers's motion is unclear and incomplete and does not comply with the court's local rules, the court **DENIES** Showers's request to make amendments to the complaint.

Given the early stage of this case, the court will grant Showers an opportunity to properly amend his complaint. When writing his amended complaint, Showers should provide the court with enough facts to answer to the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? Showers's amended complaint must include **all claims** he seeks to pursue against **all defendants** he has named in his original complaint, motion for reconsideration, and motion to amend his complaint. The amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

The court is enclosing a blank complaint form. Showers must list in the caption of his amended complaint all those defendants he intends to sue. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Showers may use up to five additional sheets of paper. Showers is advised to include only those facts necessary for the court to assess his claims. The amended complaint takes the place

of the prior complaint and must be complete, without reference to his prior complaint or motions.

Showers must submit his amended complaint **by January 28, 2021**. If he fails to submit his amended complaint by that time, or explain why he is unable to, this case will move forward on Showers's Eighth Amendment claim against defendant Kosterman only. He will not be permitted to proceed against any other defendants.

**IT IS THEREFORE ORDERED** that Showers's motions for reconsideration of the screening order (ECF No. 24) and to make amendments to the complaint (ECF No. 25) are **DENIED**.

**IT IS FURTHER ORDERED** that Showers must file an amended complaint that complies with the instructions in this order **on or before January 28, 2021**, or he will not be permitted to proceed on any new claims against any new defendants.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Showers a blank prisoner complaint form along with this order.

Dated at Milwaukee, Wisconsin this 14th day of December, 2020.

WILLIAM E. DUFFIN
U.S. Magistrate Judge